IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CODY TRAVIS COKER | ) | |
| | ) | |
| v. | ) | No. 2:19-0099 |
| | ) | |
| ANDREW M. SAUL | ) | |
|     Commissioner of | ) | |
|     Social Security | ) | |

**To:** The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for childhood Disability Insurance Benefits ("DIB") as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry ("DE") 22), to which Defendant has filed a response. (DE 24.) This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a Report and Recommendation. (DE 6.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the Court recommends that Plaintiff's motion for judgment on the administrative record (DE 22) be **DENIED**.

# I. INTRODUCTION

Plaintiff filed an application for childhood DIB on January 25, 2017. (*See* Transcript of the Administrative Record (DE 19) at 61.)[1] He alleged a disability onset date of March 29, 1999 but later amended this to March 20, 2017. (AR 15, 61.) Plaintiff asserted that he was unable to work because of major depressive disorder ("MDD"), panic disorder, generalized anxiety disorder, asthma, allergies, an academic problem, and an unspecified problem related to social environments. (AR 48-49.)

Plaintiff's applications were denied initially and upon reconsideration. (AR 61, 75.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with a representative and testified at a video hearing before ALJ K. Dickson Grissom on July 25, 2018. (AR 27.) On November 2, 2018, the ALJ denied the claim. (AR 12-14.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 1, 2019 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ's unfavorable decision included the following enumerated findings:

1. Born on March 20, 1999, the claimant had not attained age 22 as of March 20, 2017, the amended alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

2. The claimant has not engaged in substantial gainful activity since March 20, 2017, the amended alleged onset date (20 CFR 404.1571 *et seq.*).

---

[1] The Transcript of the Administrative Record will be referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in the large black Bates stamps on the bottom right corner of each page.

3. The claimant has the following severe impairments: asthma, social anxiety disorder, and depression (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a medium work as defined in 20 CFR 404.1567(c) except avoid concentrated exposure to extreme heat, wet/humid conditions, and environmental pollutants such as dust, smoke, chemicals, fumes, and noxious gases; unable to meet [fast] paced, high-production demands; limited to simple, repetitive non-detailed tasks; occasional contact with coworkers; limited to minimal to non-existen[t] contact with the public which is less than occasional; supervision should be direct and non-confrontational but one-on-one supervision is not necessary; and limited to infrequent changes in the workplace.

6. The claimant has no past relevant work (20 CFR 404.1565).

7. The claimant was born on March 20, 1999 and was 18 years old, which is defined as a younger individual age 18-49, on the amended alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 20, 2017 through the date of this decision (20 CFR 404.350(a)(5) and 404.1520(g)).

(AR 17-22.)

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### IV. DISCUSSION AND CONCLUSIONS OF LAW

**A. Standard of Review**

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Put another way:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim

4

is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id.* Second, the claimant is not disabled if he does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if, based on his residual functional capacity ("RFC"), he can perform past relevant work. *Id.* Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court is required to accept the ALJ's explicit findings and ultimate determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that Plaintiff's RFC allowed

him to perform medium work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (AR 17-22.)

### C. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ erred by improperly evaluating the opinion provided by a consultative psychological examiner. (DE 23 at 10.) Plaintiff argues that the Commissioner's decision should therefore be remanded for an additional hearing pursuant to sentence four of 42 U.S.C. § 405(g). (*Id*. at 23.)

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court will address Plaintiff's assertion of error below.

### 1. The Consultative Examiner's Opinion.

Plaintiff contends that the ALJ committed reversible error by declining to fully endorse the opinion provided by Alice Garland, a psychological examiner who performed a consultative

examination of Plaintiff on April 4, 2017. (AR 403.)[2] After interviewing Plaintiff and administering certain mental assessments, Ms. Garland diagnosed Plaintiff with social anxiety disorder, persistent depressive disorder (mild to moderate), "rule out bipolar disorder," and "rule out personality disorder with dependent and avoidant traits noted." (AR 406.) Testing yielded a full-scale IQ score of 83, which placed Plaintiff in the "low average range of intellectual functioning." (AR 406.) Ms. Garland also opined that Plaintiff would be subject to the following functional limitations: (1) mild limitation in his ability to perform complex and detailed tasks; (2) moderate limitation in his ability to persist and concentrate; (3) marked limitation in his ability to work with the public; and (4) moderate to marked limitation in his ability to adapt. (AR 406-07.)

The ALJ accorded great weight to the majority of Ms. Garland's opinion based on the following:

> The undersigned finds that this opinion is consistent with Ms. Garland's exam in which the claimant was unable to participate and complete IQ testing as well as the mental status exam. However, the undersigned finds that the claimant has no more than moderate limits in adaptation based on his reports that he cared for his personal hygiene, that he went to the gym, and that he did some household chores. Therefore, the undersigned gives little weight to Ms. Garland's conclusion that the claimant had marked limits in adaptation, and the undersigned gives great weight to Ms. Garland's remaining opinion.

(AR 21.) Plaintiff challenges the ALJ's reasoning with respect to the adaptation finding on multiple grounds, including the ALJ's purported failure to provide "good reasons" for discounting this portion of Ms. Garland's opinion, the ALJ's allegedly "impermissible substitution of [his own] lay interpretation for that of the medical expert," and the ALJ's decision to favor opinions provided by non-examining state agency physicians who lacked access to a complete record of Plaintiff's

---

[2] The opinion is cosigned by Dr. Jerry Campbell, a licensed psychologist. (AR 407.)

7

medical history. (DE 23 at 10-11, 14-15, 17-18.) Upon review of the record, the Court finds none of these arguments to be persuasive.

First, Plaintiff's reliance on the "good reasons" requirement contained in 20 C.F.R. § 404.1527(c)(2) is clearly misplaced. While it is well-settled that the ALJ is required to provide "good reasons" for his or her decision to accord less than controlling weight to the opinion of a *treating* physician, 20 C.F.R. § 404.1527(c)(2),[3] this trenchant procedural safeguard does not apply to an evaluation provided by a one-time examining physician. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). In fact, contrary to Plaintiff's assertion that Ms. Garland is a "double expert" whose opinion should be given a "unique status" (DE 23 at 14), the report of a consultative examiner is owed no particular deference. *See Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) ("Because Dr. Boen examined Tucker only once, his opinion is entitled to no special deference."). *See also Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014) ("[B]ecause Dr. Catt was an examining psychologist—not a treating doctor—his opinion is not entitled to any special deference."). Because there is no evidence of an "ongoing relationship" with Plaintiff, *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006), Ms. Garland does not qualify as a treating physician and her opinion is thus not entitled to any heightened stature.

Plaintiff's additional contention that the ALJ improperly discounted Ms. Garland's opinion based on its inconsistency with her own examination notes similarly finds no purchase. Plaintiff cites the Sixth Circuit's decision in *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181 (6th Cir. 2009) to suggest that the current ALJ "play[ed] doctor" and impermissibly made his own

---

[3] The treating physician rule applies to social security claims filed before March 27, 2017 (*see* 82 Fed. Reg. 5844-01, 2017 WL 168819 (January 18, 2017)), such as the instant one.

independent medical findings. (DE 23 at 14-15.) However, a closer reading of this opinion again reveals Plaintiff's conflation of *examining* and *treating* sources, which is fatal to his argument given that the Sixth Circuit determined the *Simpson* ALJ committed reversible error by improperly dismissing a treating provider's well-supported opinion. *See* 344 F. App'x at 194 ("[A]n ALJ may not substitute his own medical judgment for that of the *treating* physician where the opinion of the *treating* physician is supported by the medical evidence.") (quoting *Meece v. Barnhart,* 192 F. App'x 456, 465 (6th Cir. 2006)) (emphasis added). The *Simpson* case therefore has little bearing on the ALJ's assessment of Ms. Garland's opinion.

Plaintiff nevertheless claims that the ALJ was not permitted to rely on the particular findings set forth in Ms. Garland's report to discount the opinion since Ms. Garland "was obviously aware of the content of *her own examination* when she formulated her opinion." (DE 23 at 15.) This, too, misconstrues Sixth Circuit precedent, which allows – and indeed, requires – the ALJ to evaluate the consistency of a source's own findings with the evidence of record. *See, e.g., Gant v. Comm'r of Soc. Sec.*, 372 F. App'x 582, 584 (6th Cir. 2010) ("Because the record adequately supports the finding that [the provider's] medical opinion was not supported by her own treatment notes and was inconsistent with the record as a whole, the ALJ was warranted in discrediting her opinion."). *See also Harris v. Comm'r of Soc. Sec.*, No. 15-10966, 2016 WL 8114128, at *3 (E.D. Mich. Mar. 2, 2016), *report and recommendation adopted*, 2016 WL 2848422 (E.D. Mich. May 16, 2016) ("The ALJ also reasonably found that [the one-time examining physician's] examination notes … were inconsistent with his opinion that plaintiff was limited in his abilities to work within a schedule, sustain a routine, make simple decisions, work with others, and ask simple questions."). The ALJ's analysis of the consistency of Ms. Garland's findings was well within his purview.

9

Turning back to the substance of the ALJ's assessment, the Court concludes that the ALJ's decision to partially discount Ms. Garland's opinion is supported by substantial evidence. Plaintiff identifies the Commissioner's criteria for evaluating a claimant's adaptation, which focus on, among other things, adapting to changes, managing psychological symptoms, and maintaining personal hygiene. 20 C.F.R. Pt. 404, Subpart P, App. 1, 12.00E(4). In this area of mental functioning, the ALJ concluded that Plaintiff was only moderately limited based on his ability to maintain personal hygiene, perform household chores, interact with friends, go to the movies, and work out at a gym. (AR 19, 21.) A review of the records cited by the ALJ – namely those from Life Care Family Services (AR 408) – bolsters this assessment. During the six visits at this facility following the alleged onset date, Plaintiff noted that he had experienced "some" anxiety, although he was becoming "more social and doing better" (AR 487), and later reported that he was able to manage his anxiety. (AR 493.) Notes from multiple examinations during this time period consistently demonstrate a normal mood, appropriate thought content and process, normal hygiene, and include reports from Plaintiff that his symptoms were "well controlled" with medication. (AR 460-61, 484, 487-88, 490-91, 493-94, 519, 529.) There is no indication that providers identified Plaintiff as being more than "moderately" restricted with respect to social anxiety and general mental functionality during the relevant time period (AR 459, 463), which is consistent with the ALJ's findings. Plaintiff's selective citation of mental health records (DE 23 at 16-17) – the majority of which predate the alleged onset date (AR 435, 445, 448-49, 451) – is insufficient to overcome the ALJ's well-supported conclusion. *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.").

Additionally, Plaintiff incorrectly suggests that the ALJ was not permitted to favor the opinions of two non-examining state agency physicians over the report of Ms. Garland because such opinions, which were completed in April and June of 2017, were not based on a complete case record. *See Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1002 (6th Cir. 2011) ("There is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record. The opinions need only be supported by evidence in the case record.'"). It is true that the Sixth Circuit has previously reversed an ALJ's non-disability decision that failed to even acknowledge a claimant's extensive and ongoing treatment with a medical source following issuance of a non-examining source's opinion based on an incomplete record, *Blakley*, 581 F.3d at 409, but that is not analogous to the current situation in which the ALJ reasonably discounted a consultative examiner's report after discussing Plaintiff's ongoing treatment. *See Robinson v. Comm'r of Soc. Sec.*, No. 5:14-cv-291, 2015 WL 1119751, at *11 (N.D. Ohio Mar. 11, 2015) ("An ALJ's unsupported rejection of a treating source and reliance on non-examining sources without full access to the record appeared to be the 'overriding danger' that existed in *Blakley,* is not similarly present here."). For the same reason, there is no merit to Plaintiff's suggestion that the ALJ should have ordered additional consideration by a medical expert or re-contacted Ms. Garland for clarification (DE 23 at 18), as the record contained sufficient information from which the ALJ could make a supportable decision. *Cf. Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157, n.3 (6th Cir. 2009) ("[A]n ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where, as here, the ALJ rejects the limitations recommended by that physician."). Because the ALJ provided a comprehensive discussion of all of Plaintiff's treatment in the instant matter, the Court finds no error in the ALJ's weight allocation.

11

Finally, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled as a matter of law based on the criteria set forth in Listing 12.06. (DE 23 at 11-12.)[4] Adopting Plaintiff's argument would require the Court to find that the ALJ erred by concluding that Plaintiff suffers from a "moderate" – and not "marked" – deficiency in adaptation, which, as previously discussed, the Court is not inclined to do.

The Social Security Act makes clear that the ALJ – and not a consultative psychological examiner – ultimately determines a claimant's functional capacity. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010). Moreover, nothing prevents the ALJ from rejecting portions of an opinion that is otherwise accorded great weight. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale.") The ALJ in the instant matter explained his conclusion that Plaintiff suffers from only moderate restriction with specific reference to evidence in the record, as he was required to do. Arguably, and contrary to Plaintiff's contentions, the ALJ *did* endorse Ms. Garland's opinion in full given that her opinion posits that Plaintiff's adaptation functionality ranges from "moderately to markedly limited." (AR 407.) Because the ALJ's decision is supported by the substantial evidence, it is not subject

---

[4] The Listing of Impairments contained in 20 CFR Part 404, Subpart P, Appendix 1 "describes impairments the [Commissioner] considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). To meet Listing 12.06, a claimant must demonstrate that he satisfies the criteria in both Paragraphs A and B of the listing. The A criteria consist of clinical findings which medically substantiate a mental disorder, while satisfaction of the B criteria requires "marked limitation" in at least two of the following areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) maintaining concentration, persistence, or pace; or (4) adapting or managing oneself. A claimant may alternatively meet Listing 12.06 by fulfilling the Paragraph C criteria, although Plaintiff does not argue that he is able to satisfy these requirements.

to reversal. *See Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 750-51 (6th Cir. 2011) ("If the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether a court might have resolved the disputed issues differently in the first instance."). Plaintiff's assertion of error is therefore rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (DE 22) be DENIED and that the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

13

Case 2:19-cv-00099   Document 25   Filed 10/22/20   Page 13 of 13 PageID #: 673